Frank E. Scherkenbach (CA Bar #142549 / scherkenbach@fr.com)
FISH & RICHARDSON P.C.
One Marine Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Jason W. Wolff (CA Bar #215819 / wolff@fr.com)
Olga I. May (CA Bar # 232012 / omay@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Enrique Duarte (CA Bar # 247523 / duarte@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:   (650) 839-5071

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KELORA SYSTEMS, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. CV11-03938 JCS<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

# FIRST AMENDED COMPLAINT

Plaintiff Adobe Systems Incorporated ("Adobe") hereby alleges as follows for this First Amended Complaint against Kelora Systems, LLC ("Kelora"):

## PARTIES

1. Plaintiff Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

2. On information and belief, Defendant Kelora Systems, LLC is a Delaware limited liability company with its principal place of business at 19925 Stevens Creek Blvd., Suite 100, Cupertino, CA 95014.

## JURISDICTION AND VENUE

3. This action is based on the patent laws of Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Adobe and Kelora that requires a declaration of rights by this Court.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Kelora because Kelora resides in the state of California and in this district. This Court also has personal jurisdiction over Kelora by virtue of Kelora's purposeful contacts with this District, such that Kelora could have reasonably expected to be haled into Court in this district. Personal jurisdiction over Kelora may also be found by virtue of Kelora's enforcement of the patent that is the subject of this suit in this District against Adobe licensee OfficeMax Incorporated. *See Kelora Systems, LLC v. Target Corp. et al.*, Case No. 4:11cv01548 (CW).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district, including but not limited to the alleged invention of the patent-in-suit and efforts at commercialization and licensing of the patent-in-suit. Venue is further proper because all

1  Defendants are subject to personal jurisdiction in this judicial district and are therefore deemed to
2  reside in this district pursuant to 28 U.S.C. § 1391(c).

**NOTICE OF RELATED CASES**

4  7. Adobe identifies the following cases to which this action is related: *Nebraska Furniture Mart Inc. v. Kelora Systems LLC*, Case No. 4:11cv02284 (CW); *Kelora Systems, LLC v. Target Corp. et al.*, Case No. 4:11cv01548 (CW); *Cabela's Inc. v. Kelora Systems, LLC*, Case No. 4:11cv01398 (CW); *eBay, Inc. v. PartsRiver, Inc. et al.*, Case No. 4:10cv04947 (CW).

8. The above-referenced cases either were originally filed in this District or were transferred in from other Districts. All were assigned to the Honorable Claudia Wilken.

**INTRADISTRICT ASSIGNMENT**

9. Under Civil Local Rules 3-2(c) and 3-5, this action, being a declaratory judgment action based on patent claims, is appropriate for assignment on a district-wide basis.

**FACTUAL BACKGROUND**

10. Adobe develops and sells many software programs for computers and electronic devices, including such technologies as Acrobat, Flash, and PostScript. It also provides web hosting services and other merchandising and data analytics services, such as through its Omniture business.

11. On information and belief, Kelora's business is licensing and enforcement of its patent.

12. On information and belief, Kelora purports to be the owner of U.S. Patent No. 6,275,821 ("'821 patent"). The '821 patent is entitled "Method and System for Executing a Guided Parametric Search." A copy of the '821 patent is attached as Exhibit A.

13. On November 8, 2010, Kelora filed a Complaint in the Western District of Wisconsin ("Wisconsin Action") against multiple defendants, including, Target Corp. ("Target"), OfficeMax, Incorporated ("OfficeMax"), Shopko Stores Operating Co., LLC ("Shopko"), Briggs & Stratton Corp. ("Briggs & Stratton"), Chelsea & Scott Ltd. ("Chelsea & Scott"), National Business Furniture, LLC ("National Business"), BuyOnLineNow, Inc. ("BuyOnLineNow"), Rockler Companies, Inc. ("Rockler"), IDW, LLC ("IDW"), 1-800-Flowers.com, Inc. ("1-800-Flowers"), PC Connection, Inc. ("PC Connection"), and Eastbay and Mason Companies, Inc. ("Eastbay and Mason"), collectively the "Retail Defendants," asserting infringement of the '821 patent. The case

was subsequently transferred to the Northern District of California before the Honorable Claudia Wilken. Kelora alleges that these Retail Defendants infringe the '821 patent by using the search techniques claimed in the '821 patent in their Internet websites. On information and belief, Kelora's allegations rest at least in part on the alleged use by OfficeMax of Adobe technology, which is alleged by Kelora to be covered by the '821 patent.

14. In addition to alleging infringement of the '821 patent based in part on Adobe technology in the Wisconsin Action, on information and belief Kelora has sent letters to other entities who claim to be Adobe technology licensees likewise alleging infringement of the '821 patent based on the use of technology that appears to be provided at least in part by Adobe. These purported licensees include Gerler & Son, Inc. dba Onlineshoes.com; Hayneedle, Inc.; Musicnotes, Inc.; Rooms To Go, Inc.; eCost.com, Inc.; OfficeMax Incorporated; Fingerhut Corp.; Recreational Equipment, Inc.; Macys.com, Inc.; Jockey International, Inc.; Jildor Shoes, Inc.; Charles Tyrwhitt LLC; Speedway Motors, Inc.; Oreck Corporation; Only Natural Pet Store LLC; and Overstock.com, Inc. Many have, in turn, approached Adobe seeking indemnity for and defense of Kelora's claims. As a result of these allegations made by Kelora against the purported Adobe licensees, there is an immediate and actual case or controversy between Adobe and Kelora regarding the non-infringement, validity, absolute and equitable intervening rights, and enforceability of the '821 patent as it pertains to the Adobe licensed technology.

15. This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the validity and enforceability of the '821 patent, the alleged infringement of the '821 patent by Adobe or its technology, and Adobe's and its licensees' entitlement to absolute and equitable intervening rights.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,275,821)**

16. Adobe restates and incorporates by reference the allegations in paragraphs 1-15.

17. This is an action for declaratory judgment of non-infringement of any valid and enforceable claim of the '821 patent.

18. Kelora has alleged and continues to allege that retailer websites using Adobe technology are covered by the '821 patent. Kelora has commenced litigation against the Retail Defendants regarding this matter, and several other companies, including *inter alia*, Microsoft Corp. and eBay Inc., have filed declaratory judgment actions against Kelora.

19. Adobe asserts that its technology is not covered by the '821 patent, and that Adobe does not infringe and has not infringed any valid and enforceable claim of the '821 patent. Adobe further asserts that its licensees, including OfficeMax, have not infringed and do not infringe any valid and enforceable claim of the '821 patent through any use of Adobe technology.

20. Therefore, there exists a substantial controversy between Adobe and Kelora, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Adobe and its licensees have not infringed and do not infringe any valid and enforceable claim of the '821 patent.

21. An actual and justiciable controversy exists regarding the alleged infringement of the '821 patent by Adobe or its licensees, including OfficeMax. Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '821 patent.

22. A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '821 patent.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,275,821)

23. Adobe restates and incorporates by reference the allegations in paragraphs 1-22.

24. This is an action for declaratory judgment of invalidity of any and all asserted claims of the '821 patent.

25. On information and belief, Kelora has alleged and continues to allege that retailer websites using Adobe technology are covered by the '821 patent. Kelora has already commenced litigation against the Retail Defendants regarding this matter, and several other companies, including *inter alia*, Microsoft Corp. and eBay Inc., have filed declaratory judgment actions against Kelora.

26. The asserted claims of the '821 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

27. Therefore, there exists a substantial controversy between Adobe and Kelora, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that each asserted claim of the '821 patent is invalid.

28. Therefore, an actual and justiciable controversy exists regarding the validity of the '821 patent. Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '821 patent.

29. A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '821 patent.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Intervening Rights to U.S. Patent No. 6,275,821)**

30. Adobe restates and incorporates by reference the allegations in paragraphs 1-29.

31. This is an action for declaratory judgment of absolute and equitable intervening rights of any and all asserted claims of the '821 patent that were added or amended during reexamination of the '821 patent, or that depend on an amended claim.

32. On December 22, 2008, the United States Patent and Trademark Office ("USPTO") determined that there was a substantial new question of patentability affecting claims 1 and 2 of the '821 patent and thus ordered and *ex parte* reexamination of those claims (Reexamination Control No. 90/009,316).

33. On June 18, 2009, an Examiner at the USPTO issued an Office Action finally rejecting claims 1 and 2 of the '821 patent under 35 U.S.C. § 102(b) as being clearly anticipated by Granacki et al., *A Component Library Management System and Browser*, ISI Research Report, ISI/RR-93-386, USC/Information Sciences Institute, April, 1993.

34. On August 21, 2009, Judge Wilken granted summary judgment that original claims 1 and 2 of the '821 patent were invalid under 35 U.S.C. § 102(b) due to the on-sale bar.

35. On May 20, 2010, the patentee amended original claim 1 of the '821 patent and added a new claim 9.

36. On June 24, 2010, the Examiner dismissed the appeal to the BPAI and issued a Notice of Intent to Issue Reexamination Certificate stating that the amended claim 1 and the new claim 9 were allowable.

37. On November 2, 2010, the USPTO issued a reexamination certificate for the '821 patent reflecting the allowed amendment to claim 1 and the allowed new claim 9.

38. The scope of reexamined claim 1, its dependent claims, and new claim 9 of the '821 patent is not legally identical to the scope of any of the original claims of the '821 patent.

39. On May 9, 2011, Judge Wilken entered a summary judgment order that, among other things, held that Kelora may not seek damages for infringement of the '821 patent before November 2, 2010 (the issue date of the '821 reexamination certificate).  *See* Case No. C 10-4947 CW, Docket No. 70.  The Court additionally found that amended claims 1 and 2 and new claim 9 are substantially different from original claims 1 and 2.  *See id.*, at 7.

40. Under 35 U.S.C. § 252, ¶ 1 and § 307(b), Kelora may not bring an action against Adobe or its licensees for causes arising before November 2, 2010, with respect to at least reexamined claim 1, its dependent claims, and new claim 9.

41. Under 35 U.S.C. § 252, ¶2 and § 307(b), Adobe and its licensees are entitled to absolute intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9.

42. Under 35 U.S.C. § 252, ¶2 and § 307(b), Adobe and its licensees are entitled to equitable intervening rights for the protection of investments made or business commenced before November 2, 2010, with respect to at least reexamined claim 1, its dependent claims, and new claim 9.

43. Therefore, there exists a substantial controversy between Adobe and Kelora, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Adobe and its licensees, including OfficeMax, are entitled to absolute and equitable intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9.

44. Therefore, an actual and justiciable controversy exists regarding Adobe's and its licensees', including OfficeMax's, intervening rights concerning the '821 patent. Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '821 patent.

45. A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '821 patent.

## JURY DEMAND

Adobe hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Adobe prays for judgment against Kelora as follows:

1. A declaration that Adobe's technology is not covered by any valid and enforceable claim of the '821 patent, and that Adobe does not infringe any valid and enforceable claim of the '821 patent;

2. A declaration that Adobe's licensees, including OfficeMax, do not infringe any valid and enforceable claim of the '821 patent by virtue of their use of Adobe technology;

3. A declaration that the '821 patent is invalid;

4. A declaration that Kelora may not bring an action against Adobe or its licensees, including OfficeMax, for causes arising before November 2, 2010, with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

5. A declaration that Adobe is entitled to absolute intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

6. A declaration that Adobe's licensees, including OfficeMax, are entitled to absolute intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9 by virtue of their use of Adobe technology;

7. A declaration that Adobe is entitled to equitable intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

8. A declaration that Adobe's licensees, including OfficeMax, are entitled to equitable intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9

by virtue of their use of Adobe technology;

9. That this case is "exceptional" pursuant to 35 U.S.C. § 285, entitling Adobe to an award of its reasonable attorneys' fees;

10. That Adobe be awarded its reasonable costs incurred in this action; and

11. For such other relief as this Court deems just, reasonable and proper.

Dated: August 19, 2011                FISH & RICHARDSON P.C.


By: /s/ Enrique D. Duarte
    Enrique D. Duarte

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

50610779.doc