| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | ROBERT D. BECKER (Bar No. CA 160648) |
| 2 | E-mail: rbecker@manatt.com |
| | RONALD S. KATZ (Bar No. CA 085713) |
| 3 | E-mail: rkatz@manatt.com |
| | SHAWN G. HANSEN (Bar No. CA 197033) |
| 4 | E-mail: shansen@manatt.com |
| | 1001 Page Mill Road, Building 2 |
| 5 | Palo Alto, CA 94304-1006 |
| | Telephone: (650) 812-1300 |
| 6 | Facsimile: (650) 213-0260 |
| 7 | Attorneys for Defendant |
| | Kelora Systems, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

OAKLAND DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, | No. C 11-03938 CW |
| Plaintiff, | **DEFENDANT KELORA SYSTEMS, LLC'S NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. CIV. P. 12(b)(1) TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | |
| KELORA SYSTEMS LLC, | |
| Defendant. | Date: December 1, 2011<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on December 1, 2011, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Claudia Wilken in the above-referenced court located at 1301 Clay Street, Oakland, California 94612, Defendant Kelora Systems, LLC will and hereby does move for an order dismissing Plaintiff Adobe Systems Incorporated's First Amended Complaint for Declaratory Judgment for lack of subject matter jurisdiction.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

300818250.1

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
NO. C 11-03938 CW

This Motion is based upon this Notice, the Memorandum of Points and Authorities embodied herein, the complete files and records in this action, and such evidence and argument as the Court may entertain at the hearing on this Motion.

Dated: October 14, 2011          MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Robert D. Becker
    Robert D. Becker
    *Attorneys for Defendant*
    KELORA SYSTEMS, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This Court should dismiss Plaintiff Adobe Systems Incorporated's ("Adobe") declaratory judgment complaint for lack of subject matter jurisdiction because there is no actual controversy between Adobe and Defendant Kelora Systems, LLC ("Kelora"). Adobe seeks declarations of non-infringement and invalidity of Kelora's patent-in-suit, U.S. Patent No. 6,275,821 ("'821 Patent"). Adobe's complaint, however, does not allege that Kelora has accused Adobe of infringing the '821 Patent. Rather, Adobe contends that there is a justiciable controversy simply because Kelora has either sued or sent cease and desist letters to "purported" Adobe licensees. Notably, Adobe does not assert that it owes any indemnification obligations to any of the purported licensees. Indeed, the record indicates that Adobe is refusing to indemnify its purported licensees.

Similar to this Court's holding in *Fujitsu Limited v. Nanya Technology Corp.*, U.S. Dist. LEXIS 63830(August 12, 2008), no substantial controversy exists between Adobe and Kelora that satisfies the subject matter jurisdiction requirements of the Declaratory Judgment Act. Kelora has not asserted in its lawsuits or desist letters that Adobe directly or indirectly infringes the '821 Patent. Nor has Kelora asserted that Adobe induces infringement of the '821 Patent. Moreover, Adobe has made no showing that any finding of infringement against its purported licensees would automatically result in a finding that Adobe infringed or induced such infringement.

## II. RELEVANT PROCEDURAL POSTURE.

This lawsuit is one of several patent infringement lawsuits involving the '821 Patent that have been related. As relevant here, on November 8, 2010, Kelora filed the lawsuit, *Kelora Systems, LLC v. Target Corporation et al*, in the Western District of Wisconsin. OfficeMax, Inc. was one of the named defendants in that lawsuit, which was subsequently transferred to this Court and reassigned as Case No. 5:11-cv-1548-CW.

On August 11, 2011, OfficeMax filed a third-party complaint against Adobe in Case No. 5:11-cv-1548-CW, seeking damages for breach of contract, breach of warranty, and equitable

indemnity, all related to Kelora's infringement claims.  (Case No. 5:11-cv-1548-CW, Docket No. 335.)  Specifically, OfficeMax alleged that Adobe refused to indemnify and defend OfficeMax in the infringement lawsuit.  *Id.* at ¶ 10, 13.  That complaint was served on Adobe on September 13, 2011.  (Case No. 5:11-cv-1548-CW, Docket No. 371).  Adobe has not yet filed any response to OfficeMax's complaint, which, by stipulation, is due by October 24, 2011.  (Case No. 5:11-cv-1548-CW, Docket No. 381.)

On August 10, 2011, Adobe filed its Original Complaint in this action. Adobe filed its First Amended Complaint on August 19, 2011.  (Docket No. 5.)

### III.  NO ACTUAL CASE OR CONTROVERSY EXISTS BETWEEN ADOBE AND KELORA.

The Court should dismiss Adobe's declaratory judgment claims against Kelora because there is no justiciable controversy between the Adobe and Kelora, and this Court therefore lacks subject matter jurisdiction.

The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.

Moreover, "even if the jurisdictional prerequisites for subject matter jurisdiction are satisfied, the court retains discretion whether and when to exercise jurisdiction under the Declaratory Judgment Act." *Wilton v. Seven Falls*, 515 U.S. 277, 286-287 (1995).  To determine whether an actual case or controversy exists, a district court must determine "whether the facts alleged, under all the circumstances, show that there is substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-127 (2007).

Here, because there are no factual allegations that demonstrate a substantial controversy of sufficient immediacy between Adobe and Kelora, the Court should decline to exercise jurisdiction over Adobe's claims for declaratory relief.  Adobe does not allege that Kelora has directly or

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1 indirectly accused Adobe of infringing the '821 Patent. Rather, Adobe's claim of subject matter

2 jurisdiction is based on lawsuits and legal threats directed to <u>putative</u> Adobe licensees. For

3 example, Adobe's Complaint alleges in part as follows:

- "[O]n information and belief, Kelora has sent letters to other entities who <u>claim to be</u> Adobe technology licensees likewise alleging infringement of the '821 patent based on the use of technology that <u>appears</u> to be provided at least in part by Adobe. These <u>purported licensees</u> include . . . ."; First Amended Complaint, ¶14 (emphasis added).

- "Many have, in turn, approached Adobe seeking indemnity for and defense of Kelora's claims. As a result of these allegations made by Kelora against the <u>purported</u> Adobe licensees. . . ." *Id.* (emphasis added).

Adobe, however, does not allege that it in fact owes any indemnification or defense obligations to any of the purported licensees identified in its First Amended Complaint. As noted above, OfficeMax alleges that Adobe has refused its indemnification and defense requests.

This Court's holding in *Fujitsu Limited v. Nanya Technology Corp.* is factually analogous, directly on point, and should be adopted here. In that case, Fujitsu sued Nanya Technologies for alleged violation of the '486 Patent, a method patent for measuring the lateral size of features on a semiconductor. Fujitsu alleged that Nanya infringed the '486 Patent during the course of manufacturing random access memory by using a device (SpectraCD) manufactured by KLA Tencorp. *Fujitsu,* 2008 U.S. Dist. LEXIS 63830 at *5. Nanya filed a third-party complaint against KLA seeking indemnification for any damages for Nanya's infringement of the '486 Patent. In turn, KLA filed a separate declaratory judgment lawsuit against Fujitsu, seeking declarations of invalidity and non-infringement of the '486 Patent.

This Court granted Fujitsu's motion to dismiss, finding that, even under the *MedImmune* standards, there was insufficient evidence of an actual controversy between Fujitsu and KLA under the totality of the circumstances. Among other things, the Court noted that Fujitsu had never accused KLA of infringing the '486 Patent and that, because the '486 Patent was a method patent, Nanya's implementation of the KLA's SpectraCD device in a particular way did not imply that KLA automatically infringed the '486 Patent. *Id.* at *6.

Kelora and Adobe stand in the same procedural footing as Fujitsu and KLA. Adobe's only claim to an actual case or controversy is its vague assertion that some purported licensees

1 have sought indemnification and defense from Adobe. Unlike in *Fujitsu*, however, Adobe has not even acknowledged whether it in fact owes any such obligations to the purported licensees. In the absence of any allegation that such obligations are owed, Kelora and Adobe are not "parties with adverse legal interests."

Also absent from Adobe's First Amended Complaint are any allegations that Adobe is engaged in, or preparing to engage in, any potentially infringing conduct. As in *Fujitsu*, the '821 Patent in this case is a method patent. Thus, the mere fact that Adobe may provide something to its purported licensees does not imply that Adobe automatically infringes any claims of the '821 Patent.

## IV. CONCLUSION.

There is no actual case or controversy between Kelora and Adobe. Adobe's First Amended Complaint does not allege that Kelora has accused Adobe of infringement of the '821 Patent, either directly, indirectly, contributorily, or by inducement. Nor does the First Amended Complaint allege that Adobe is poised to engage in potentially infringing activity. Instead, Adobe merely claims that certain of its purported licenses have demanded indemnification or defense, but fails to acknowledge whether it owes such obligations to those putative licensees. Thus far, the record reflects that Adobe has denied that it owes any such obligations. Under the totality of the circumstances, Adobe has not alleged sufficient facts demonstrating an actual controversy to satisfy the subject matter jurisdiction requirements under the Declaratory Judgment Act. The Court should dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

| | | |
|---|---|---|
| 1 | Dated: October 14, 2011 | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | | |
| 3 | | By: /s/ Robert D. Becker |
| 4 | | Robert D. Becker |
| | | *Attorneys for Defendant* |
| 5 | | KELORA SYSTEMS, LLC |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 14, 2011, all counsel of record who are deemed to have consented to electronic service are being served, via the Court's CM/ECF system pursuant to Civil L.R. 5-4 and General Order 45, with a copy of the foregoing **DEFENDANT KELORA SYSTEM'S, LLC's NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. CIV. P. 12(B)(1) TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

By: */s/ Robert D. Becker*
Robert D. Becker

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

300818250.1

5

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
NO. C 11-03938 CW