MANATT, PHELPS & PHILLIPS, LLP
ROBERT D. BECKER (Bar No. CA 160648)
E-mail: rbecker@manatt.com
RONALD S. KATZ (Bar No. CA 085713)
E-mail: rkatz@manatt.com
SHAWN G. HANSEN (Bar No. CA 197033)
E-mail: shansen@manatt.com
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

*Attorneys for Defendant*
KELORA SYSTEMS, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| Adobe Systems Incorporated,<br>*Plaintiff*,<br>vs.<br>Kelora Systems, LLC,<br>*Defendant*. | Case No. 11-cv-3938-CW<br>**KELORA SYSTEMS, LLC'S ANSWER AND COUNTERCLAIM IN THE ALTERNATIVE RESPONSIVE TO SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br>**DEMAND FOR JURY TRIAL**<br>**Honorable Claudia Wilken** |

Pursuant to Federal Rules of Civil Procedure 8(b) and 12(b)(1) and this Court's Order Granting Defendant's Motion to Dismiss dated December 7, 2011 (Docket No. 41), Defendant Kelora Systems, LLC ("Kelora"), hereby responds to the Second Amended Complaint for Declaratory Judgment ("Complaint") of Adobe Systems Incorporated ("Adobe"), as follows. Unless specifically admitted, Kelora generally denies all allegations in the Complaint. Kelora expressly denies that Adobe is entitled to any relief whatsoever in connection with its Complaint, including, but not limited to, all relief requested in Adobe's Prayer for Relief.

## THE PARTIES

1. Responsive to Paragraph 1, Kelora admits the allegations upon information and belief.

2. Responsive to Paragraph 2, Kelora admits the allegations.

## JURISDICTION AND VENUE

3. Responsive to Paragraph 3, Kelora admits that Adobe's Complaint purports to be based on the patent laws of the United States and seeks a remedy under the Declaratory Judgment Act. Except as expressly admitted, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis Kelora denies that an actual, substantial, and continuing justiciable controversy exists between Kelora and Adobe that requires a declaration of rights by this Court.

4. Responsive to Paragraph 4, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis Kelora denies the allegations.

5. Responsive to Paragraph 5, Kelora admits that it is subject to personal jurisdiction in this Court and that other litigation in this District in which Kelora is a party speaks for itself. Except as expressly admitted, Kelora denies the allegations.

6. Responsive to Paragraph 6, Kelora admits that, to the extent this Court has jurisdiction over the subject matter and parties in this action, this Court is a proper venue for this action. Except as expressly admitted, Kelora denies the allegations.

7. Responsive to Paragraph 7, the allegations purport to identify other litigation that speaks for itself and require no response by Kelora. To the extent a response by Kelora is required, Kelora admits that three of cases identified in that paragraph are related as defined by Civil Local Rule. The case *Nebraska Furniture Mart Inc. v. Kelora Systems LLC,* Case No. 4:11cv02284 (CW) has been dismissed pursuant to settlement.

8. Responsive to Paragraph 8, Kelora admits the allegations.

## INTRADISTRICT ASSIGNMENT

9. Responsive to Paragraph 9, Kelora admits that pursuant to Civil L. R. 3-2(c), this is an Intellectual Property Action that normally would be assigned on a district-wide basis but has been assigned to Judge Wilken in the Oakland Division under Civil L.R. 3-12.

## FACTUAL BACKGROUND

10. Responsive to Paragraph 10, Kelora lacks knowledge or information sufficient to form a belief about the truth of the allegations and on this ground denies the allegations.

11. Responsive to Paragraph 11, Kelora admits that it offers and supports patented software and that it licenses and enforces its patents. Except as expressly admitted, Kelora denies the allegations.

12. Responsive to Paragraph 12, Kelora admits that it owns the ‘821 patent, that that patent is entitled “Method and System for Executing a Guided Parametric Search,” and that a purported copy of the ‘821 patent is attached as Exhibit A to the Complaint.

13. Responsive to Paragraph 13, Kelora admits that it filed an action in Wisconsin against the identified defendants , which was transferred to this District and assigned to Judge Claudia Wilken. Except as expressly admitted, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

14. Responsive to Paragraph 14, Kelora admits that it has sent letters to the alleged Adobe licensees identified in that paragraph, and that such letters speak for themselves. Except as expressly admitted, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

15. Responsive to Paragraph 15, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

16. Responsive to Paragraph 16, Kelora lacks information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

## FIRST CLAIM FOR RELIEF

17. Responsive to Paragraph 17, Kelora repeats and incorporates by reference in their entirety each of the foregoing responses to Paragraphs 1-16.

18. Responsive to Paragraph 18, Kelora admits that Adobe is seeking the relief identified. Kelora expressly denies that Adobe is entitled to any of the relief sought in the Complaint.

19. Responsive to Paragraph 19, Kelora admits that is has commenced litigation against the "Retail Defendants" and that other companies, including Microsoft Corp. and eBay Inc., have filed declaratory judgment actions against Kelora. Except as expressly admitted, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

20. Responsive to Paragraph 20, Kelora admits that Adobe makes in this action the assertions described in the allegations. Except as expressly admitted, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

21. Responsive to Paragraph 21, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

22. Responsive to Paragraph 22, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

23. Responsive to Paragraph 23, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

## SECOND CLAIM FOR RELIEF

24. Responsive to Paragraph 24, Kelora repeats and incorporates by reference in their entirety each of the foregoing responses to Paragraphs 1-23.

25. Responsive to Paragraph 25, Kelora admits that Adobe is seeking the relief identified. Kelora expressly denies that Adobe is entitled to any of the relief sought in the Complaint.

26. Responsive to Paragraph 26, Kelora admits that it has commenced litigation against the "Retail Defendants" and that other companies, including Microsoft Corp. and eBay Inc., have filed declaratory judgment actions against Kelora. Except as expressly admitted,

Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

27. Responsive to Paragraph 27, Kelora denies the allegations.

28. Responsive to Paragraph 28, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

29. Responsive to Paragraph 29, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

30. Responsive to Paragraph 30, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

## THIRD CLAIM FOR RELIEF

31. Responsive to Paragraph 31, Kelora repeats and incorporates by reference in their entirety each of the foregoing responses to Paragraphs 1-30.

32. Responsive to Paragraph 32, Kelora admits that Adobe is seeking the relief identified. Kelora expressly denies that Adobe is entitled to any of the relief sought in the Complaint.

33. Responsive to Paragraph 33, Kelora admits that the USPTO proceeding referenced in the paragraph speaks for itself. Except as expressly admitted, Kelora denies the allegations.

34. Responsive to Paragraph 34, Kelora admits that a the USPTO proceeding referenced in the paragraph speaks for itself. Except as expressly admitted, Kelora denies the allegations.

35. Responsive to Paragraph 35, Kelora admits that the litigation proceeding referenced in the paragraph speaks for itself. Except as expressly admitted, Kelora denies the allegations..

36. Responsive to Paragraph 36, Kelora admits that the USPTO proceeding referenced in the paragraph speaks for itself. Except as expressly admitted, Kelora denies the allegations..

37. Responsive to Paragraph 37, Kelora admits that the USPTO proceeding referenced in the paragraph speaks for itself. Except as expressly admitted, Kelora denies the allegations..

38. Responsive to Paragraph 38, Kelora admits the allegations.

39. Responsive to Paragraph 39, Kelora admits the allegations.

40. Responsive to Paragraph 40, Kelora admits that the litigation proceeding referenced in the paragraph speaks for itself. Except as expressly admitted, Kelora denies the allegations.

41. Responsive to Paragraph 41, the allegations purport to state conclusions of law to which no response by Kelora is required in this pleading. Kelora admits that the Court issued an order dated May 9, 2011 in Case No. 4:10-cv-04947-CW, which speaks for itself. To the extent a further response by Kelora is required, Kelora denies the allegations.

42. Responsive to Paragraph 42, the allegations purport to state conclusions of law to which no response by Kelora is required in this pleading. To the extent a response by Kelora is required, Kelora denies the allegations.

43. Responsive to Paragraph 43, the allegations purport to state conclusions of law to which no response by Kelora is required in this pleading. To the extent a response by Kelora is required, Kelora denies the allegations.

44. Responsive to Paragraph 44, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

45. Responsive to Paragraph 45, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

46. Responsive to Paragraph 46, Kelora lacks knowledge or information sufficient to either admit or deny the allegations and on this ground denies the allegations.

## AFFIRMATIVE DEFENSES

Kelora asserts the following affirmative defenses against Adobe's claims:

### First Affirmative Defense (Lack of Subject Matter Jurisdiction)

47. This Court lacks subject matter jurisdiction, including under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(7).

**Second Affirmative Defense (Failure to Join Necessary Parties)**

48. The Complaint fails to join necessary parties (the "Adobe licensees"), including under Federal Rule of Civil Procedure 19.

**Third Affirmative Defense (Failure to State a Claim)**

49. The Complaint fails to state a claim upon which relief may be granted.

**Fourth Affirmative Defense (Estoppel)**

50. The claims asserted in the Complaint are barred by the doctrine of estoppel.

**Fifth Affirmative Defense (Waiver)**

51. The claims asserted in the Complaint are barred by the doctrine of waiver.

**Sixth Affirmative Defense (Laches)**

52. The claims asserted in the Complaint are barred by the doctrine of laches.

53. Kelora reserves the right to assert any other affirmative defense that discovery may reveal.

WHEREFORE, Kelora prays that this Court enter judgment against Adobe on Plaintiff's Complaint as follows:

a. Dismissing Plaintiff's Complaint with prejudice and ordering that Plaintiff is entitled to no recovery under their Complaint, including but not limited to all relief requested in Plaintiff's Prayer for Relief;

b. Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Kelora its attorney fees and full costs of suit; and

c. Awarding Kelora such other and further relief as this Court deems just and appropriate.

**KELORA'S COUNTERCLAIM IN THE ALTERNATIVE**

Kelora alleges as follows for its Counterclaim against Adobe:

**PARTIES**

1. Kelora is a Delaware limited liability company with a place of business at 19925 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

2. On information and belief, Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

## JURISDICTION AND VENUE

3. This Counterclaim asserts an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281 through 285. This Counterclaim is asserted in the alternative, in the event that Kelora's jurisdictional affirmative defense above is not meritorious. If Adobe's allegations that it hosts websites providing search technology accused of infringement of the '821 patent by Kelora are true, allegations regarding which Kelora currently lacks information sufficient to form a belief about their truth, Kelora alleges in the alternative that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338(a) and 1331.

4. Adobe is subject to personal jurisdiction in this Court.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Civil L. R. 3-2(c), this is an Intellectual Property Action that normally would be assigned on a district-wide basis. However, under Civil L.R. 3-12, this action is assigned to Judge Wilken in the Oakland Division.

## BACKGROUND

7. Kelora is the owner by assignment of all right, title and interest in the '821 patent, entitled, "Method and system for executing a guided parametric search," which was duly and properly issued by the U.S. Patent & Trademark Office on August 14, 2001. A true and correct copy of the '821 patent is attached as Exhibit A.

8. A reexamination certificate for the '821 patent was duly and properly issued by the U.S. Patent & Trademark Office on November 2, 2010. A true and correct copy of the reexamination certificate for the '821 patent is attached as Exhibit B.

**CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,275,821**

9. Kelora incorporates the foregoing Counterclaim Paragraphs 1 through 8 as though fully set forth herein.

10. If Adobe's allegations that it hosts websites providing search technology accused of infringement of the '821 patent by Kelora are true, allegations regarding which Kelora currently lacks information sufficient to form a belief about their truth, Kelora alleges that Adobe has infringed and continues to infringe the '821 patent by, inter alia, making and using parametric search systems, including web-based parametric search systems, and performing parametric searches that infringe the '821 patent.

11. If Adobe's allegations that it hosts websites providing search technology accused of infringement of the '821 patent by Kelora are true, allegations regarding which Kelora currently lacks information sufficient to form a belief about their truth, Kelora alleges that by reason of the acts of Plaintiff alleged herein, Kelora has suffered damage in an amount to be proved at trial.

12. Based on Adobe's allegations that it hosts websites providing search technology accused of infringement of the '821 patent by Kelora, allegations regarding which Kelora currently lacks information sufficient to form a belief about their truth, Kelora alleges that Adobe threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Kelora's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Kelora adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Kelora does not have an adequate remedy at law to compensate it for the injuries threatened.

**PRAYER FOR RELIEF**

WHEREFORE, Kelora demands judgment as follows:

A. Plaintiff Adobe and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained

from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within, or designed to conduct a method falling within, the scope of any claim of the '821 patent, or otherwise infringing or contributing to or inducing infringement of any claim of the '821 patent;

B. Plaintiff Adobe and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be ordered to destroy or offer up to Kelora for destruction any and all products or services within the scope of any claim of the '821 patent that are within their possession, custody, or control;

C. That Kelora be awarded its actual damages, including lost profits and price erosion, but in no case less than a reasonable royalty, to be assessed by or under the Court's discretion, adequate to compensate Kelora for Adobe's infringement of the '821 patent;

D. That Kelora be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

E. That the Court order an accounting for damages;

F. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. Section 285 and award Kelora its attorneys' fees;

G. That the Court award enhanced damages pursuant to 35 U.S.C. Section 284 due to the willful and wanton nature of Adobe's infringement of the '821 patent;

I. That Kelora be awarded costs of court; and

J. That Kelora be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil L.R. 3-6(a), Kelora demands

///

///

///

///

a jury trial on all issues triable of right by a jury.

DATED: December 22, 2011

MANATT, PHELPS & PHILLIPS, LLP

By: *__/s/ Robert D. Becker__*
Robert D. Becker
Ronald S. Katz
Shawn G. Hansen

*Attorneys for Defendant*
KELORA SYSTEMS, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 22, 2011, all counsel of record who are deemed to have consented to electronic service are being served, via the Court's CM/ECF system pursuant to L.R. 5-4 and General Order 45, with a copy of the foregoing KELORA SYSTEMS, LLC'S ANSWER AND COUNTERCLAIM IN THE ALTERNATIVE RESPONSIVE TO SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT.

By: *__/s/ Robert D. Becker__*
Robert D. Becker

301192380.2