Frank E. Scherkenbach (CA Bar No. 142549 / scherkenbach@fr.com)
FISH & RICHARDSON P.C.
One Marine Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Jason W. Wolff (CA Bar No. 215819 / wolff@fr.com)
Olga I. May (CA Bar No. 232012 / omay@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Enrique D. Duarte (CA Bar No. 247523 / duarte@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff-Counterdefendant
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>KELORA SYSTEMS, LLC, a Delaware Limited Liability Company,<br><br>Defendant-Counterclaimant. | Case No. CV11-03938 CW<br><br>**ADOBE SYSTEMS INCORPORATED'S ANSWER TO DEFENDANT-COUNTERCLAIMANT KELORA SYSTEMS, LLC'S COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| AND RELATED COUNTERCLAIM. | **Honorable Claudia Wilken** |

Plaintiff-Counterdefendant Adobe Systems Incorporated ("Adobe") hereby answers the Counterclaim filed by Defendant-Counterclaimant Kelora Systems LLC ("Kelora"). [Dkt. No. 45.] This Answer is based on Adobe's knowledge as to its own activities, and upon information and belief as to the activities of others. The numbered paragraphs herein correspond to the like-numbered paragraphs of the Counterclaim. Adobe does not respond to paragraphs 1—53 of Kelora's Answer to Adobe's Second Amended Complaint ("Complaint") which answered the allegations in Adobe's Complaint and thus require no response from Adobe.

Adobe denies each and every allegation contained in the Counterclaim that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Adobe denies that Kelora is entitled to the relief requested or any other.

## ADOBE'S ANSWER TO KELORA'S "COUNTERCLAIM IN THE ALTERNATIVE"[1]

## PARTIES

1. Adobe admits that Kelora represents itself to be a Delaware limited liability company with a place of business at 19925 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

2. Adobe admits the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. Adobe admits, solely based on the allegations in Kelora's Counterclaim, that Kelora brings the Counterclaim under 35 U.S.C. §§ 271 and 281 through 285 and, "in the alternative," under U.S.C. §§ 1338(a) and 1331. Adobe admits that, as stated in Adobe's Complaint, Adobe provides web hosting services and other merchandising and data analytics services to its licensees. Adobe lacks sufficient knowledge to respond to the remaining allegations in paragraph 3 and on that basis denies the allegations.

[1] Adobe objects to Kelora's characterization of the Counterclaim as pleaded "in the alternative" without specifically identifying the alternative. Adobe responds to the Counterclaim as a regularly pleaded counterclaim under Federal Rule of Civil Procedure 13.

4. Adobe admits the allegations in paragraph 4 for the purposes of this action.

5. Adobe admits the allegations in paragraph 5 for the purposes of this action.

**INTRADISTRICT ASSIGNMENT**

6. Adobe admits the allegations in paragraph 6.

**FACTUAL BACKGROUND**

7. Adobe admits that Kelora represents itself to be the owner by assignment of all right, title and interest in U.S. Patent No. 6,275,821 ("the '821 patent"), entitled "Method and system for executing a guided parametric search." Adobe also admits that a document purporting to be a copy of the '821 patent is attached to the Counterclaim as Exhibit A. Adobe lacks sufficient knowledge to respond to the remaining allegations in paragraph 7 and on that basis denies the allegations.

8. Adobe admits a document purporting to be a copy of the reexamination certificate for the '821 patent is attached to the Counterclaim as Exhibit B. Adobe lacks sufficient knowledge to respond to the remaining allegations in paragraph 8 and on that basis denies the allegations.

**CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,275,821[2]**

9. Adobe incorporates herein by reference its responses contained in the preceding paragraphs of this Answer.

10. Adobe admits that, as stated in Adobe's Complaint, Adobe provides web hosting services and other merchandising and data analytics services to its licensees. Adobe denies the remaining allegations in paragraph 10.

11. Adobe admits that, as stated in Adobe's Complaint, Adobe provides web hosting services and other merchandising and data analytics services to its licensees. Adobe denies the remaining allegations in paragraph 11.

---

[2] Adobe repeats the heading as set forth in Kelora's Counterclaim solely for convenience and denies any allegations that may be associated with the heading.

12. Adobe admits that, as stated in Adobe's Complaint, Adobe provides web hosting services and other merchandising and data analytics services to its licensees. Adobe denies the remaining allegations in paragraph 12.

**JURY DEMAND**

Adobe hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Adobe prays for judgment against Kelora as follows:

1. That Kelora's Counterclaim be dismissed with prejudice;

2. That Kelora take nothing by reason of its Counterclaim;

3. A declaration that Adobe's technology is not covered by any valid and enforceable claim of the '821 patent, and that Adobe does not infringe any valid and enforceable claim of the '821 patent;

4. A declaration that Adobe's licensees do not infringe any valid and enforceable claim of the '821 patent by virtue of their use of Adobe technology;

5. A declaration that the '821 patent is invalid;

6. A declaration that Kelora may not bring an action against Adobe or its licensees for causes arising before November 2, 2010, with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

7. A declaration that Adobe is entitled to absolute intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

8. A declaration that Adobe's licensees are entitled to absolute intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9 by virtue of their use of Adobe technology;

9. A declaration that Adobe is entitled to equitable intervening rights with respect to at least reexamined claim 1, its dependent claims, and new claim 9;

10. A declaration that Adobe's licensees are entitled to equitable intervening rights with

respect to at least reexamined claim 1, its dependent claims, and new claim 9 by virtue of their use of Adobe technology;

11. That this case be found "exceptional" pursuant to 35 U.S.C. § 285, entitling Adobe to an award of its reasonable attorneys' fees;

12. That Adobe be awarded its reasonable costs incurred in this action; and

13. For such other relief as this Court deems just, reasonable and proper.

Dated: January 17, 2012

FISH & RICHARDSON P.C.

By: */s/ Enrique D. Duarte*
Enrique D. Duarte

Attorneys for Plaintiff-Counterdefendant
ADOBE SYSTEMS INCORPORATED

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 17, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ *Enrique D. Duarte*
Enrique D. Duarte